IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**KRISTI RICHARDSON,**

   **Plaintiff,**

v.                                                          Case No.: 3:10-cv-830

**ALPHA SERVICES CORPORATION
and JANE TAPKEN,**

   **Defendants.**

_____/

## ORIGINAL COMPLAINT

COMES NOW the Plaintiff, KRISTI RICHARDSON, by and through her under signed counsel and sues the Defendants, ALPHA SERVICES CORPORATION and JANE TAPKEN, and in support thereof states as follows:

1. Plaintiff brings this action for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b).

2. Plaintiff is an individual residing in Travis County, Texas.

3. Defendant ALPHA SERVICES CORPORATION is a corporation formed and existing under the laws of the State of Texas and which maintained an office in Dallas County, Texas.

4. Defendant JANE TAPKEN is an individual residing in Dallas County, Texas, and at all times relevant to this claim acted directly or indirectly in the interest of Defendant, ALPHA SERVICES CORPORATION in relation to Plaintiff's employment and was substantially in control of the terms and conditions of the Plaintiff's work. Defendant JANE TAPKEN was an employer as

defined by 29 U.S.C. §203(d).

5. At all times during Plaintiff's employment, Defendants constituted a joint employer as defined under 29 CFR §791.2.

6. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. §216(b). At all time pertinent to this Complaint, Defendants were an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s). Additionally, Plaintiff was individually engaged in commerce and his work was essential to Defendants' business. Venue is proper in this district under 28 U.S.C. § 1391.

7. The Plaintiff worked for Defendants from March 4, 2009 through January 27, 2010 as an office clerk.

8. During one or more weeks of Plaintiff's employment with Defendants, Plaintiff has worked in excess of forty (40) hours (overtime hours).

9. During one or more weeks of Plaintiff's employment with Defendants wherein Plaintiff worked overtime hours, Defendants have failed to pay Plaintiff one and one-half times her regular rate of pay for each overtime hour worked.

10. The acts described in the preceding paragraph violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of forty (40) per workweek. The Defendants willfully violated Plaintiff's right to overtime compensation guaranteed under the Fair Labor Standards Act.

11. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and

compensatory damages, including the amount of overtime which was not paid and which should have been paid.

12. Section 216(b) of the FLSA provides that any employer who violates the statute shall be liable for unpaid overtime pay and an additional equal amount as liquidated damages. Therefore, Plaintiff seeks an award of liquidated damages in an equal amount as the amount of unpaid overtime pay.

13. Plaintiff further seeks liquidated damages as a result of Defendants' willful failure and refusal to pay overtime in violation of Section 7 of the FLSA, 29 U.S.C. § 207.

14. Plaintiff also seeks compensation of the out of pocket expenses and costs of court she will have incurred in this action. Plaintiff is also entitled to reasonable and necessary attorneys fees. under 29 U.S.C. § 216(b).

## VII. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause and that Defendants be cited to appear;

2. The Court award damages to Plaintiff as specified above with Defendants being found jointly and severally liable;

3. The Court award reasonable and necessary attorneys' and expert fees and costs;

4. The Court award Plaintiff pre-and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted this 24th day of April 2010.

ROSS LAW GROUP
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile

_/s/ Charles L. Scalise_

CHARLES L. SCALISE
Texas Bar No. 24064621
ATTORNEY FOR PLAINTIFF